ROY, C.
— -This is an original proceeding by habeas corpus, instituted in this court, to test the constitutionality of .section 4789, Revised Statutes 1909, being section 2228, Revised Statutes 1899, which is as follows :
“Every person who may be found loitering around houses of ill-fame, gambling houses, or places where liquors are sold or drunk, without any visible means of support, or shall attend or operate any gambling device or apparatus, or be engaged in practicing any trick or device to procure money or other thing of value, or shall be engaged in any unlawful calling whatever, and every able-bodied married man who shall neglect or refuse to ■ provide for the support of his family, and every person found tramping or wandering around from place to place without any visible means of support, shall be deemed a vagrant, and, upon conviction thereof, shall be punished by impris *469 onment in the county jail not less than twenty days, or by fine not less than twenty dollars, or by both such fine and imprisonment. ’ ’
It appears from'the sheriff’s return that the petitioner was convicted on an information charging “that Calvin Branch in the city of St. Louis on the 9th day of July, 1907, and on divers other days and times was found unlawfully loitering around houses of ill-fame, gambling houses and places where liquors were sold and drunk, without any visible means of support, contrary,” etc.
It is contended on the part of the petitioner that said section is in contravention of section 4 of article 2 of the Constitution of this State, which is as follows:
‘ ‘ That all constitutional government is intended to promote the general welfare of the people; that all persons have a.natural right to life, liberty and the enjoyment of the gains of their own industry; that to give security to these things is the principal office of government, and that when government does not confer this security, it fails of its chief design.”
It is also contended that said section is in conflict with sections 11, 21, 30' and 31 of article 2 of said Constitution, guaranteeing the people against seizure of their persons without probable cause against deprivation of their property for public use, against the deprivation of life, liberty or property without due process of law and against slavery or involuntary servitude.
I. There has been no serious attempt on the part of petitioner to show wherein said section 4789' is contrary to either section 11, 21, 30, or 31 of article 2 of our Constitution, and we will not devote any time to that subject, as the merit of the petitioner’s ease seems to be confined to the question as to whether said section of the statute is contrary to section 4 of article 2 of our Constitution.
*470 II. By raising the question of the constitutionality of said section 4789’, the petitioner challenges the right of the Legislature to punish vagrancy as a crime.
As has been said by one of old, “Before we enter upon a discussion about a thing, we should clearly and concisely define what that thing is.”
Webster defines a vagrant as “one who strolls from place to place; one who has no settled habitation; an idle wanderer; a sturdy beggar; an incorrigible rogue; a vagabond.”
The Century Dictionary says that at the present time the ordinary meaning of the word in law is “an idle stroller, a vagabond, a loafer, a tramp.”
Freund in his work on Police Powers, sec. 99', says: “It seems that the criminality rests upon a combination of three circumstances; the absence of lawful means of support, the neglect to secure employment and the offensive public exhibition of such conditions. ’ ’
Tiedeman says, on page 117 of his work on Police Powers: “In the old English statutes they are described as being ‘such as wake on the night and sleep on the day and haunt customable taverns and ale-houses, routs-about, and no man wot from whence they come nor whither they go,’ and tfie same author adds further on ‘the gist of the offence therefore is the doing of these things when one has no visible means of support, thus threatening to become a public burden.’ ”
Now that we know what a vagrant is from the above definitions, it needs only that we lay the section of the statute in controversy alongside of those definitions to see that the Legislature has not by that section, in so far as it affects this case, attempted to punish anything but vagrancy. That law does not prohibit any one from being without visible means of sup-. port, or from being idle, or from loitering around saloons or gambling houses. Neither one of those things *471 in itself and alone can be punished as a crime, but when they all three meet in one person at the same time they constitute a vagrant, who has been very appropriately described as “the chrysalis of every' species of criminal.”
The authorities cited by petitioner either do not apply to vagrancy, or are cases where it was attempted to punish as vagrancy that which fell far short of it as above defined.
On the contrary, the legislative right to punish vagrancy has been asserted since the reign of Edward III and has been in our statutes at least since 1835 and its constitutionality recognized .by this court in the cases of In re Thompson, 117 Mo. 83; State v. Canton, 43 Mo. 48; St. Louis v. Babcock, 156 Mo. 148.
It follows that the petitioner must be remanded to the custody of the sheriff of the city of St. Louis and it is so ordered.
Bond, G., concurs.
PER CURIAM.
— The foregoing report of the Commissioners is hereby adopted as the opinion of the court.