## Ex parte HARVEY KARNSTROM.

In Banc, March 3, 1923.

1. **CONSTITUTIONAL LAW: Title: To Revise Code of Criminal Procedure: Vagrancy.** The title to the Act of 1879, entitled, "An Act to revise and amend the Code of Civil Procedure, declaring and defining public offenses, prescribing punishments therefor and proceedings thereon," did not violate Section 28, Article 4, of the Constitution, declaring that no bill shall contain more than one subject which shall clearly be expressed in its title, but was sufficient, although there were included in the bill 893 sections, from Section 1227 to 2119, among them Section 1568 defining vagrancy. (Following State v. Brassfield, 81 Mo. 151.)

2. ———: **Vagrancy: Tramping and Wandering: Penalizing Poverty.** Section 3581, Revised Statutes 1919, declaring that "every person found tramping or wandering around from place to place without any visible means of support, shall be deemed a vagrant, and shall be punished," does not violate that part of the Constitution (Sec. 4, art. 2) declaring that "all persons have a natural right to life, liberty and the gains of their own industry." The statute does not penalize poverty, destitution or misfortune, but by the use of the words "without visible means of support" it denounces the tramping and wandering from place to place with no definite purpose of securing honest employment.

3. ———: ———: **Special Law: Unequal Protection.** There is nothing in the statute defining vagrancy (Sec. 3581, R. S. 1919) which violates the provisions of the Constitution against special laws,

Ex parte Harvey Karnstrom.

but it applies equally to all persons in the same situation, without arbitrary classification, and is therefore a general law, and violates neither the Constitution of Missouri prohibiting the enactment of special laws, nor that part of the Fourteenth Amendment prohibiting a state from enacting a law denying to any person the equal protection of the laws. The entire section is broad enough to include both persons of a fixed abode and those who are wanderers, if they are without visible means of support.

4. **VAGRANCY: Information: In Language of Statute.** An information charging vagrancy in the language of the statute is sufficient.

5. ———: ———: **Wonder for Wander.** The use of the word "wonder" in an information charging that the defendant "did then and there unlawfully tramp and wonder around from place to place without any visible means of support" was clearly a typographical error. But whether the word "wonder" was ignorantly or intentionally used is immaterial, since the statute uses the words "tramping" and "wandering" in the alternative, and the information charged that defendant did "unlawfully tramp" from place to place, and that is sufficient.

6. ———: **Habitual Offense.** The statute (Sec. 3581, R. S. 1919) makes it an offense to be "found tramping or wandering around," and therefore it is not necessary to establish a continuing or habitual offense extending over an appreciable period of time.

7. **INFORMATION: Verification: Competent Affiant.** An information in the court of a justice of the peace, founded upon or accompanied by a verified complaint, is sufficiently verified; and it will be assumed, in the absence of any showing to the contrary, that the person who made the affidavit was competent to testify as a witness in the case.

8. **VAGRANCY: Excessive Punishment.** A sentence to imprisonment in jail for six months and to pay a fine of one hundred dollars, under the statute (Sec. 3581, R. S. 1919), declaring that every person, convicted of vagrancy, "shall be punished by imprisonment in the county jail not less than twenty days, or by fine not less than twenty dollars, or by both such fine and imprisonment," is not excessive, since another statute (Sec. 3700, R. S. 1919) declares that, where no maximum punishment is fixed by the statute under which defendant is convicted, the imprisonment shall not exceed one year and the fine one thousand dollars.

9. **SUFFICIENCY OF EVIDENCE ON HABEAS CORPUS.** On *habeas corpus* the court is not concerned with the sufficiency of the evidence to sustain a conviction. If the record shows a sufficient information, and the commitment shows that defendant was con-

297 Mo.—25

victed upon a trial by a jury, the court will not look further into the record of the justice of the peace.

*Habeas Corpus*

WRIT DISCHARGED.

*Harold O. Mulks* for petitioner.

(1)    When the Constitution requires that the subject of an act must be clearly expressed in the title of the same, if the subject of the act be an amendment of some section or sections, chapter or chapters of the preexisting law, the title to the act must clearly designate the section or sections, chapter or chapters, act or acts which the amendatory act is designed to amend. Sec. 28, Art. 4, Mo. Constitution; Lewis v. Dunne, 134 Cal. 291; Omara v. Wabash Railroad, 150 Ind. 648; Boring v. State, 141 Ind. 640; Douglas County v. Hayes, 52 Neb. 191; Shelton v. State, 96 Tenn. 521; Mayor v. Manhattan Railway Co., 143 N. Y. 1; Tingue v. Port Chester, 101 N. Y. 294; People v. Hills, 35 N. Y. 449; State v. Mitchell, 17 Mont. 67; Kedzie v. Ewington, 54 Minn. 117; State v. Shool, 58 Kan. 507; Trumbull v. Trumbull, 37 Neb. 341; People v. Denahy, 20 Mich. 347.    (2)    The scope and subject-matter of an amendatory act is limited to the subject-matter of the act or acts which the same is designed to amend as expressed in the title of the original act; in other words, the entire subject-matter of the amendatory act must be germane to, included in and clearly expressed in the title of the act or acts which are the subject of the amendment. Kedzie v. Ewington, 54 Minn. 116; Trumbull v. Trumbull, 37 Neb. 340; Vernon v. Secretary of State, 179 Mich. 157.    (3)    The mere absence of visible means of support, or in other words poverty, is not punishable *per se,* and cannot constitutionally be penalized as a crime. While the State may properly make provision for the punishment of vagrancy, such statutes are aimed at that class that habitually and wilfully lead idle, useless and shiftless lives. Ex parte Branch, 234 Mo. 466; Ex parte Taft, 284 Mo. 531; Harris v. State, 229 S. W. 875; Armstead

v. State, 11 Okla, 'Crim. 642; In re McCue, 7 Cal. App.
765; Fleming v. Dist. Col., 34 App. D. C. 5; People v.
Klein, 292 Ill. 420.   (4)   The power of the State to
regulate the business, occupation, calling or labor of the
citizen is limited to the enactment of such laws as are
reasonably necessary, or at least adapted in some meas-
ure to serve the purposes for which government is es-
tablished.   The Legislature cannot invade the natural
liberty of a citizen unless such a measure is necessary,
or at least calculated to promote ·or preserve the health,
safety, comfort, or morals of the community.   Bessette
v. People, 193 Ill. 334; Ruhstraté v. People, 185 Ill. 133;
Barley v. People, 190 Ill. 28; Coffeeville Brick Company
v. Perry, 69 Kan. 297; Ex parte Whitwell, 98 Cal. 73;
Ex parte Dickey, 144 Cal. 234; People v. Weiner, 271
Ill. 74; St. Joe v. Harris, 59 Mo. App. 122; State v.
Ramseyer, 73 N. H. 31; People v. Warden of City Prison,
155 N. Y. 116; People v. Biesecker, 68 N. Y. Supp. 1067,
169 N. Y. 53; State v. Gurry, 121 Md. 534; In re Mar-
shall, 102 Fed. 323; Commonwealth v. Campbell, 133
Ky. 50; Black's Constitutional Law (3 Ed.), p. 434, sec.
156; Cooley on Constitutional Limitations (6 Ed.) pp.
710, 711; Freund on Police Power, sec. 20, p. 14.   (5)
Vagrancy is essentially a continuing offense, and a
complaint, indictment or information for the same, must
set forth that the. accused on a certain day and for a
certain time prior thereto, committed acts of vagrancy.
Armstead v. State, 11 Okla. Crim. 649; Fleming v. Dist.
Col., 34 App. D. C. 5.   (6) Where an indictment, in-
formation or complaint, utterly fails to charge an of-
fense, a judgment of conviction based thereon ·is void
and the accused can be discharged upon *habeas corpus.*
Ex parte Greenhall, 153 Cal. 767; Ex parte Farrell, 36
Mont. 254; Ex parte Rickey, 31 Nev. 82; Ex parte Beall,
28 Okla. 445; Ex parte Stein, 61 Tex. Crim. 320; In re
Louis Lerner, 281 Mo. 18; Ex parte Neet, 157 Mo. 527;
(7)   A distinction is made between the judgments of
courts of general jurisdiction and those of inferior juris-
diction, such as justices of the peace, when one im-

prisoned by virtue of the same seeks relief therefrom by means of the writ of *habeas corpus,* on the ground that the complaint or information fails to charge an offense, while in the former case he cannot be discharged unless the complaint is utterly insufficient; in the latter case the court will discharge the petitioner when the complaint in any manner fails to substantially comply with statutory requirements. Ex parte Greenall, 153 Cal. 767; In re O Sing, 156 Cal. 349; Ex parte Goldsworthy, 22 Cal. App. 354; Ex parte Kearney, 55 Cal. 212; Ex parte Tobias Watkins, 3 Peters (28 U. S.) 193.

*Jesse W. Barrett,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

(1) The information filed in this case and of which petitioner complains follows the wording of the statute and is sufficient. Sec. 3581, R. S. 1919; Kelley's Criminal Law & Practice (3 Ed.) sec. 187; State v. Rosenblatt, 185 Mo. 122. (2) Section 3581, Revised Statutes 1919, defining who are vagrants and fixing the punishment for such, is constitutional and has been so held by this court in a number of cases. Ex parte Branch, 234 Mo. 471; In re Thompson, 117 Mo. 83; State v. Canton, 43 Mo. 48; St. Louis v. Babcock, 156 Mo. 148.

DAVID E. BLAIR, J.—This is an original proceeding in this court by *habeas corpus,* whereby petitioner seeks to be discharged from the custody of the Sheriff of Jasper County, under commitment issued by a justice of the peace of Galena Township in said county, who sentenced petitioner, upon his conviction as a vagrant, to imprisonment in jail for six months and to pay a fine of one hundred dollars and the costs. The production of the body of the petitioner and issuance of our writ were formally waived, and the case is submitted upon the petition and upon briefs by petitioner's counsel and the Attorney-General. This court fixed petitioner's bail, pending the determination of this case, and he was released thereunder. The information under which peti-

tioner was convicted, with caption omitted, reads as follows:

"W. N. Andrews, Asst. Prosecuting Attorney within and for the County of Jasper, and State of Missouri, upon his official oath, informs the Justice that on or about the — day of June, 1922, in the Township of Galena, in the County of Jasper and State. of Missouri, Harvey Karnstrom did then and there unlawfully tramp and wander around from place to place without any visible means of support against the peace and dignity of the State.

"This information is based on the affidavit and complaint of W. N. Andrews heretofore filed with the Justice.

"W. N. Andrews,
"Asst. Prosecuting Attorney
"of Jasper County, Missouri."

The affidavit referred to is identical in its charging part with the foregoing information, and purports to be signed by W. N. Andrews and sworn to by him before the justice of the peace on June 23, 1922.

The statute upon which said affidavit and information were based is Section 3581, Revised Statutes 1919, which reads as follows:

"Sec. 3581. *Vagrants, who are.*—Every person who may be found loitering around houses of ill-fame, gambling houses, or places where liquors are sold or drunk, without any visible means of support, or shall attend or operate any gambling devise or apparatus, or be engaged in practicing any trick or device to procure money or other thing of value, or shall be engaged in any unlawful calling whatever, and every ablebodied married man who shall neglect or refuse to provide for the support of his family, and *every person found tramping or wandering around from place to place without any visible means of support, shall be deemed a vagrant, and, upon conviction thereof, shall be punished by imprisonment in the county jail not less than twenty days, or by fine not less than twenty dollars, or by both such fine, and imprisonment.*"

The portion of the statute put in italics by us is the only part of said statute involved in this case.

I. The first contention of petitioner is best stated by quoting from his brief::

"First: That the act of the Legislature of the State of Missouri, entitled: 'An Act to revise and amend the Code of Criminal Procedure, declaring and defining **Title of** public offenses, prescribing punishments there-**Revising** for and proceedings thereon,' approved May **Act.** 19, 1879, of which said Act, Section 3581, Revised Statutes 1919, is a section, is unconstitutional, null and void, and destitute of legal effect in this, that the same is in violation of Section 28, Article 4, of the Constitution of the State of Missouri, for the reason that said title expresses no subject whatever."

Section 28 of Article IV of the Missouri Constitution, omitting the exceptions therein stated, provides that no bill shall contain more than one subject, which shall be clearly expressed in its title.

Section 3581, Revised Statutes 1919, has come down to us in identical language through all the revisions of our statutes since it first appeared as a new section in the statutes of 1879 as Section 1568 thereof. A revision of our criminal laws was made in 1879, and was published in the statutes of that year as Sections 1227 to 2119, inclusive, thus including said Section 1568.

Petitioner is not the first one to raise this question. The act was attacked in the case of State v. Brassfield, 81 Mo. 151, and it was there held that the act did not violate Section 28, Article IV of the Constitution and was not subject to the identical attack petitioner now makes against it. HENRY, J., with the concurrence of all the judges, there said:

"Chapter 24 of the Revised Statutes, commencing with Section 1227 and ending with Section 2119, inclusive, was passed as one bill, and embraces the entire subject of crime and criminal procedure, and there is nothing in the point that the constitutional provision that the subject of each bill shall be clearly expressed in its title and that no bill shall contain but one subject, was

violated. [Art. 4, sec. 28, Const.] There are no incongruous matter in Chapter 26, and the title of 'Crimes and Criminal Procedure' clearly indicates what it contains. What are crimes and the procedure in criminal cases, are cognate subjects, and the definition of crimes and the procedure against persons accused of committing them, may very properly be embraced in one bill.''

The Brassfield Case was cited with approval by this court in State v. Distilling Co., 236 Mo. 219, 1. c. 261; St. Louis v. Weitzel, 130 Mo. 1. c. 615, and other cases. The cases cited by petitioner are all from states other than Missouri. We will not undertake to examine the varying constitutional provisions upon which those cases were decided, even assuming that they hold as petitioner contends. The rule laid down in the Brassfield Case is the settled law in Missouri. We, therefore, hold that this contention of petitioner is without merit.

II. Petitioner contends that the provision that ''every person found tramping and wandering around from place to place without visible means of support,'' is in violation of Section 4 of Article II

**Penalizing Poverty.** of the Missouri Constitution, in that said section attempts to penalize poverty, destitution and unavoidable dependency. Said section of the Constitution is as follows:

''That all constitutional government is intended to promote the general welfare of the people; that all persons have a natural right to life, liberty and the enjoyment of the gains of their own industry; that to give security to these things is the principal office of government, and that when government does not confer this security, it fails of its chief design.''

The same constitutional provision was invoked in Ex parte Branch, 234 Mo. 466, in a *habeas corpus* case, wherein petitioner was imprisoned by reason of a conviction for vagrancy under the charge that he was found loitering around houses of ill-fame, gambling houses and places where liquors were sold and drunk, without visible

means of support.   It was therein held that the act in respect to the offense charged was constitutional when tested by Section 4, Article II.   Roy, C., said:

"That law does not prohibit any one from being without visible means of support, or from being idle, or from loitering around saloons or gambling houses. Neither one of those things in itself and alone can be punished as a crime, but when they all three meet in one person at the same time they constitute a vagrant, who has been very appropriately described as 'the chrysalis of every species of criminal.'"

The act does not penalize mere poverty, destitution or misfortune.   Indeed, it says nothing whatever about poverty.   The acts denounced are tramping or wandering from place to place, *without visible means of support*.   Nor is one going from place to place seeking employment within its inhibition, although clad in rags and living in filth, if he is seeking to secure an honest livelihood.   "Tramping" as used in the statute means moving about from place to place as a tramp or beggar without actual destination or honest purpose.   "Wandering" means rambling here and there without any certain course and with no definite object in view.   [Webster's New International Dictionary; Ex parte Taft v. Shaw, 284 Mo. l. c. 549.]

These words exclude the class of persons, though destitute, who move from place to place with the definite purpose of securing honest employment, even though the source of their support is not visible.   Following the reasoning of Ex parte Branch, supra, the law is not violated unless there is not only an idle, purposeless tramping or wandering from place to place, but also the failure to have any visible means of support.   The contention is devoid of merit.

III.   Petitioner contends that the clause of the act we are considering violates the Fourteenth Amendment to the Federal Constitution and Section 32 of Article IV of the Missouri Constitution.   The latter evidently

was intended for Subdivision 32, Section 53, Article IV, which prohibits the Legislature from en-

Special Law:  acting local or special laws where a gen-
Unequal
Protection.  eral law can be made applicable. The Fed-
eral Constitutional provision is that pro-
vision of Section 1 of the Fourteenth Amendment pro-
viding that no State shall deny to any person within its
jurisdiction the equal protection of its laws.

Petitioner treats the two provisions together. His
argument is that "said clause purports to penalize those
who are 'found tramping or wandering around from
place to place,' if they are without visible means of sup-
port, regardless of their health, regardless of their op-
portunity to secure employment, regardless of their mo-
tives, regardless of an honest effort to secure employ-
ment, said clause does not penalize those who reside con-
tinuously in one locality, who habitually, wilfully and
persistently lead idle, useless and shiftless lives, and
therefore, said clause does not apply equally to all class-
es and is not general and uniform in its operation and
effect; the mere fact that a person is a wanderer, or one
who tramps from place to place, furnishes no ground
whatsoever for a legislative classification, and, therefore,
said clause denies to that class who are found 'wander-
ing or tramping around from place to place,' an equal
protection of the law, with that class that resides con-
tinuously in one locality, and is also a special law in a
case where a general law could and should be made ap-
plicable."

We have already held that those who are unfortu-
nate or destitute and who wander around from place to
place, honestly seeking employment, do not come within
the inhibition of the statute. There is a sound basis
for classification between persons of fixed abode, who are
without visible means of support, and those who are
here to-day and there to-morrow. The former constitute
less of a menace because their usual haunts and habits
are known in the community, and if they are vicious, as
well as idle and useless, the fact is well known and their

actions and conduct are at all times under the watchful eyes of the peace officers. They are readily located when suspected of criminal acts.

But the wanderer, the vagabond, comes into the community, commits some depredation and is gone and no man knows where to look for him. The fact that he is without visible means of support and purposely tramping or wandering around the country, makes it likely that he will commit some crime unless he is at once driven away or proceeded against as a vagrant.

It is apparent that the entire section (Sec. 3581, R. S. 1919), is broad enough to include both those of fixed abode and wanderers if they are without visible means of support. Those who loiter around houses of ill-fame, etc., must have something in the nature of a fixed abode. The word "loitering" is used in the sense of tarrying, lingering or hanging around and contemplates something more than mere casual appearance or temporary presence at such places. The word "loiter" as used here expresses something rather in the nature of the habit of being present at such places. The other provisions of said Section 3581, except the last one, are apparently more applicable to those of fixed abode than to wanderers. The last provision, generally speaking, applies to those of roving and wandering habits, without fixed abode, although not necessarily excluding those who have a fixed abode in the given community, if they tramp or wander around within a radius convenient to their usual abiding place. The statute applies equally to all persons in the same situation without mere arbitrary classification, and does not violate the provision of the Federal Constitution invoked. Petitioner relies on G. C. & S. F. Railway Co. v. Ellis, 165 U. S. 150, and Southern Railway Co. v. Greene, 216 U. S. 400. There is nothing in these cases with which anything we have said is out of harmony. Neither does said statute violate the provisions of our own Constitution against special laws.

IV. It is next contended that the information and

affidavit fail to state any public offense or crime known to the law. They are in the same language and follow the statute. The information charges that defendant **Information.** did unlawfully (that is, in violation of Section 3581) tramp and wander around from place to place without any visible means of support. Both information and affidavit use the word "wonder" instead of "wander." We are not advised whether the information and affidavit were written with a pen or with a typewriter. In either event, the use of the word "wonder' was clearly a typographical error. If written with a pen, the writer may have failed to bring down the final loop of the letter "a" sufficiently. However, it makes not the slightest difference if the pleader intentionally or ignorantly used the word "wonder." The use of the term "tramped from place to place" is sufficient. The word "wonder" can be treated as surplusage. The statute uses the words "tramping" and "wandering" in the alternative. It is an offense denounced by the statute either to tramp or to wander from place to place without visible means of support.

It is unnecessary to cite adjudicated cases on the proposition that an information, charging an offense substantially in the language of the statute and charging every element of the offense, as defined by the statute, is sufficient. [Kelley's Crim. Law & Prac. (3 Ed.) sec. 187.]

Petitioner contends that the conduct of defendant in tramping or wandering from place to place without visible means of support must be "a continuing offense and applies to a habitual course of conduct extending over an appreciable period of time." The **Habitual Offense.** answer to this is the statute itself, which makes it an offense to be *found* tramping or wandering around, etc. There is no merit in this contention.

V. It is charged that W. N. Andrews did not subscribe and swear to the complaint and that his signature

to said complaint was written by another person out of his presence. There is nothing in the record showing such alleged fact and it is, therefore, unnecessary to consider its effect, if true.

*Verification.*

Petitioner contends that the information is not verified and, therefore, is not sufficient. Section 3760, Revised Statutes 1919, makes provision for informations in the justice court founded upon or accompanied by a verified complaint, as was done in this instance. The information here is good without verification, even if it had been filed originally in the circuit court, since it is supported by the affidavit of a person competent to testify as a witness in the case and is accompanied by such affidavit. [Sec. 3849, R. S. 1919.] There is nothing before us showing that Mr. Andrews, the assistant prosecuting attorney, was not such competent witness. He made the affidavit as of his own knowledge. We must indulge the presumption that he was a competent witness.

VI. It is contended that the sentence imposed upon petitioner is in excess of that authorized by the statute, to-wit, imprisonment for twenty days and a fine of twenty dollars. These are the minimums fixed by Section 3581. No maximum is fixed by this statute and such maximum, therefore, is fixed by the general provisions of Section 3700, Revised Statutes 1919. Both the imprisonment imposed and the fine assessed by the justice are within the maximums fixed by said section, to-wit, imprisonment for twelve months and a fine of one thousand dollars.

*Excessive Punishment.*

VII. Petitioner makes some point on the fact that the conviction occurred in the justice court and not in a court of record. That there is a difference in favor of the validity of judgments of courts of record may be conceded. The information here is sufficient either in the circuit court or the justice court. The commitment is regular and shows that

*In Justice Court.*

the defendant was convicted upon a trial by a jury before the justice, upon an information charging him with tramping around from place to place, without visible means of support. With the sufficiency of the proof to sustain such charge, we are not here concerned. The information was sufficient and the commitment is regular on its face.

VIII. Much of petitioner's brief is taken up with citations and argument supporting the proposition that *habeas corpus* is the proper remedy where a person is confined upon a conviction under a void or unconstitutional statute or upon an information
Availability which charges no criminal offense. Such
of Habeas Corpus. is the rule in this State, but petitioner has not brought himself within such rule.

IX. The foregoing results in the conclusion that petitioner has not. shown himself to be unlawfully restrained of his liberty, and it therefore results that he
Conclusion. should be remanded to the custody of the Sheriff of Jasper County until the terms of his commitment have been complied with and until he is entitled to his discharge in due course of law.

It is so ordered. All concur, except *Ragland, J.,* not sitting.