### 24480. WALLACE v. THE STATE.

FRANKUM, Justice. The grand jury of Rabun County returned a special presentment charging Andrew E. Wallace with the offense of vagrancy. The presentment was framed under Subsections (1), (2), and (3) of *Code* § 26-7001. The defendant demurred to the presentment on the grounds in substance that the vagrancy statute under which he was indicted violates the due process and equal protection clauses of the State and

Federal Constitutions in that it is so vague as not to furnish to those charged thereunder sufficient notice as to what activities are prohibited thereby and in that it applies to the poor (that is to those who have no property) its sanctions against wandering and strolling about in idleness, and leading an idle, immoral, or profligate life and against persons not working, while permitting such activities by the rich and wealthy, and finally on the ground that it shifts the burden of proof to the defendant. The trial court overruled the demurrer and the defendant appealed to this court. The due process attack may be first disposed of.

1. (a) Due process of law, as used in the 14th Amendment to the Constitution of the United States, requires, with respect to criminal statutes, merely that persons accused of a crime shall be afforded by the statute as a matter of right, either expressly or by necessary implication, notice of the charges against them and a fair opportunity to be heard. *Robitzsch v. State of Ga.*, 189 Ga. 637 (1a) (7 SE2d 387). Clearly, if the provisions of this chapter of the Code, do not expressly provide for these essentials they necessarily imply that the indictment provided for therein shall be returned, prosecuted, and the case tried in the manner provided by law. Due process with respect to a hearing is clearly afforded by this statute.

(b) As was said by the Supreme Court of the United States in Boyce Motor Lines v. United States, 342 U. S. 337 (1) (72 SC 329, 96 LE 367): "No more than a reasonable degree of certainty can be demanded in the language of the prohibition contained in a criminal statute, and it is not unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." None of the phraseology embodied in the first three subsections of *Code* § 26-7001 is too vague to be understood. None of the words employed therein are in any sense technical or words of art, the meaning of which would not be understood by people of ordinary experience and understanding. On the contrary, the terms used are ordinary terms found in common usage and understood by people of common and ordinary experience. Sproles v. Binford, 286 U. S. 374 (52 SC 581, 76 LE 1167). They are sufficiently specific and definite to put the defendant on notice of the proscribed activity. Dominguez v. Denver, 147 Col. 233, 237 (363 P2d 661). It

follows that the attack on the statute on the ground that it violates the requirements of due process is not meritorious.

2. The equal protection of the laws attack. The law does not deny to the defendant the equal protection of the laws as guaranteed by the State and Federal Constitutions. As was said by the United States Supreme Court in Tigner v. Texas, 310 U. S. 141, 147 (60 SC 879, 84 LE 1124, 130 ALR 1321): "The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." In Ex parte Karnstrom, 297 Mo. 384, 392 (249 SW 595), in dealing with a similar attack on a vagrancy statute which was, insofar as the principles here involved, substantially the same as our statute, the Missouri Supreme Court said: "The Act does not penalize mere poverty, destitution or misfortune. Indeed, it says nothing whatever about poverty. The acts denounced are tramping or wandering from place to place, without visible means of support. Nor is one going from place to place seeking employment within its inhibition, although clad in rags and living in filth, if he is seeking to secure an honest livelihood. . . [The words of the statute] exclude the class of persons, though destitute, who move from place to place with the definite purpose of securing honest employment, even though the source of their support is not visible. Following the reasoning in Ex parte Branch, [234 Mo. 466], supra, the law is not violated unless there is not only an idle, purposeless tramping or wandering from place to place, but also the failure to have any visible means of support."

The statute with which we are here concerned does not penalize mere poverty or the state of being without property for one's support or the state of being without visible means of support. It does not penalize mere idleness or even mere purposeless wandering and strolling about, but when those activities are met in one person who also has no property or visible means of support, and who also must be able to work, the legislature has seen fit, in its discretion, to define such person as a vagrant and provide for his punishment. As was said by the Missouri Supreme Court in Ex parte Branch, 234 Mo. 466 (137 SW 886), referred to in the Karnstrom case from which we quoted above, such a person is "the chrysalis of every species of criminal." In the exercise of the broad police powers possessed by the legislature, not only to punish crime,

but to suppress conditions likely to breed crime and criminal activity, and on the theory that those without property to support themselves who are able to work and who lead a life of idleness are more likely to turn to crime to supply their bodily wants and needs than those who do have property to support themselves, it was authorized to make a distinction between persons with property and those without property and to punish those who are without property to support themselves, and are able to work but wander and stroll about in idleness, and to refrain from punishing others. Such a statute does not deny to the defendants the equal protection of the laws.

3. The defendant contends that the law offends the 14th Amendment of the United States Constitution and the Georgia Constitution, *Code Ann.* § 2-103, by tending to shift the burden of proof to the defendant to prove his innocence. Since it is a fundamental principle that "In criminal cases, the law requires that the State shall prove all the essential facts entering into the description of a crime" (*Conyers v. State,* 50 Ga. 103, 105), we assume that what the defendant has reference to in this regard is the principle that in certain types of offenses, where proof of the offense involves proof of a negative, and where the State has proven all of the other elements of the offense by positive evidence and has shown by evidence of circumstances consistent therewith that the negative is in truth the fact, and especially where the negative relates to a matter peculiarly within the knowledge of the defendant, then the burden may shift to the defendant to prove that the negative does not exist. If this be the effect of the law here involved, it does not invalidate it. See: *Conyers v. State,* supra; *Blocker v. State,* 12 Ga. App. 81 (76 SE 784); and *McHenry v. State,* 58 Ga. App. 410 (198 SE 818). Thus in vagrancy cases, such as this, under certain circumstances, and consistent with the due process and the equal protection of the laws requirements of the State and Federal Constitutions, the burden may shift to the defendant to prove that he does in fact have property with which to support himself. There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 12, 1968—DECIDED APRIL 4, 1968—REHEARING DENIED APRIL 22, 1968.

*Albert M. Horn,* for appellant.

*Herbert B. Kimzey, Solicitor General,* for appellee.

*Lucy S. Forester, Herbert Johnson,* for party at interest not party to record.