[No. 14283.  Department Two. — July 18, 1891.]

J. E. DYER, APPELLANT, *v.* COUNTY OF PLACER, RESPONDENT.

CRIMINAL LAW — EVASION OF RAILROAD FARE — PUBLIC OFFENSE — LIABILITY OF COUNTY FOR SERVICES OF CONSTABLE. — A violation of section 9 of the act of April 1, 1878, providing for the punishment, by a fine, of any one who should fraudulently evade or attempt to evade the payment of his railroad fare, constitutes a public offense within the meaning of section 15 of the Penal Code, defining a public offense; and a constable has a right to charge the county for services rendered in arresting, transporting, and feeding prisoners charged with such offense.

ID. — REPEAL OF STATUTE. — Section 9 of the act of April 1, 1878, entitled "An act to create the office of commissioner of transportation," etc., is

not repealed by the act of April 15, 1880, entitled "An act to organize and define the powers of the board of railroad commissioners."

NEW TRIAL — NOTICE OF MOTION — STATEMENT OF CASE — BILL OF EXCEPTIONS. — Where a notice of motion for a new trial stated that the motion would be made upon a "statement of the case," but the motion was heard without objection, and denied, upon what was denominated a "bill of exceptions," the error is a mere irregularity not affecting the substantial rights of the parties, and will be disregarded upon appeal.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Ben P. Tabor,* and *L. L. Chamberlain,* for Appellant.

*F. P. Tuttle,* and *A. K. Robinson,* for Respondent.

SHARPSTEIN, J.— The plaintiff, in his complaint, alleges that he is a constable in and for the fourth township of the county of Placer, and that as such constable he performed and rendered official services for the defendant, by serving and executing warrants and other legal writs and processes, transporting prisoners to and from the courts and county jail in said county, feeding prisoners while awaiting trial, conveying sick and indigent persons to the county hospital, aggregating in value the sum of $518.93; that on the eighth day of October, 1890, he presented his claim therefor in an itemized bill duly verified to the board of supervisors of said county for allowance, and said board failed and refused to allow the said claim, or any part thereof, except the sum of $370.93. By the itemized account it appears that the items disallowed by the board were for services rendered in arresting, transporting, and feeding prisoners charged with fraudulently evading the payment of railroad fares.

The authority for prosecuting persons charged with such delinquencies is found in section 9 of an act entitled "An act to create the office of commissioner of transportation," etc., approved April 1, 1878.

Section 9 of the act reads as follows:—

"Sec. 9.    Every person who shall fraudulently evade, or attempt to evade, the payment of his fare for traveling on any railroad shall be fined not less than five nor more than twenty dollars."

That section is not repealed by the act entitled "An act to organize and define the powers of the board of railroad commissioners," approved April 15, 1880.

The bill of exceptions, among other things, contains the following: "It was consented to by the court, and agreed by the parties, that the sole question for the court to decide was, whether under section 9 of said act, viz., 'Every person who shall fraudulently evade, or attempt to evade, payment of his fare for traveling on any railroad shall be fined not less than five nor more than twenty dollars,' a violation thereof was or was not a public offense, and whether plaintiff, as such constable, should or should not execute warrants of arrest placed in his hands charging violations of said section 9 of said act."

The court below held that a violation of said section 9 did not constitute a public offense, and rendered its judgment for the amount allowed by said board of supervisors, and no more.    From that judgment this appeal is taken.

We think a violation of said section 9 constitutes a public offense within the definition of section 15 of the Penal Code, which reads as follows: "A crime or public offense is an act committed or omitted in violation of law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments: . . . . 3. Fine."

To hold that a law which makes it a finable offense to fraudulently evade the payment of railroad fare does not make such evasion a public offense would, we think, be going but skin deep into its meaning.    *Qui hæret in litera hæret in cortice.*

In his notice of motion for a new trial, appellant stated

that it would be "made upon a statement of the case."
The motion was heard without objection, and denied
upon what is denominated a "bill of exceptions."

We think this did not in any way affect the substan-
tial rights of the parties, and that it is an irregularity
which must be disregarded.

Judgment and order reversed, and cause remanded for
a new trial.

DE HAVEN, J., and McFARLAND, J., concurred.