### UNITED STATES v. JOYCE.

(District Court, M. D. Pennsylvania. May 26, 1905.)

No. 24.

1. OLEOMARGARINE — WHOLESALE DEALERS — TAXES—FAILURE TO PAY—OFFENSES—PROSECUTION—INDICTMENT.

Act Cong. Aug. 2, 1886, c. 840, § 4, 30 Stat. 209 [U. S. Comp. St. 1901, p. 2229], provides that every person who carries on the business of a wholesale dealer in oleomargarine, without having paid the special tax therefor, shall, besides being liable to pay the tax, be fined not less that $500 nor more than $2,000. *Held* that, though a violation of such section is not in terms made a misdemeanor, such violations are in the nature of criminal offenses, and may be prosecuted by information or indictment.

2. SAME—SUFFICIENCY—CRIMINAL PLEADING.

An indictment in the words of Act Cong. Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228], charging defendant with knowingly, willfully, and unlawfully carrying on the business of a wholesale dealer

in oleomargarine without having paid the special tax therefor as required by law, is not objectionable for indefiniteness nor for failure to negative that defendant was a manufacturer selling his own product in stamped packages at the place of manufacture, within the exception of the statute.

Rule to Show Cause why Indictment should not be Quashed.

Charles P. O'Malley, for defendant.
S. J. M. McCarrell, U. S. Atty.

ARCHBALD, District Judge. This is an indictment under the act of August 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228], which prohibits the sale of oleomargarine except on the payment of certain taxes and the observance of certain terms and conditions. A distinction is made by the act between manufacturers and wholesale and retail dealers, both with regard to the amount of the tax to be paid, the regulations to be observed, and the penalties imposed for a disregard of the law. By section 3 [U. S. Comp. St. 1901, p. 2229]: "Every person who sells or offers for sale oleomargarine in the original manufacturer's packages shall be deemed a wholesale dealer." An exception is made as to manufacturers who have given bond and paid the tax required of them, and who sell only oleomargarine of their own production, in properly stamped original packages, at the place of manufacture, who would otherwise come within this designation. By section 4: "Every person who carries on the business of a wholesale dealer in oleomargarine, without having paid the special tax therefor, as required by law, shall, besides being liable to the payment of the tax, be fined not less than '$500 nor more than $2000." A violation of this section of the act, as it will be noted, is not in terms made a misdemeanor, although in the case of a retail dealer, which immediately follows, it is characterized as an offense. Neither is anything said about a conviction. And by section 19 (24 Stat. 212 [U. S. Comp. St. 1901, p. 2234]) all fines, penalties, and forfeitures imposed by the act are made recoverable in any court of competent jurisdiction, which would seem to import a civil, rather than a criminal, action. Violations of the act of the character here in question were, however, regarded in Schick v. United States, 195 U. S. 65, 24 Sup. Ct. 826, 49 L. Ed. 99, as in the nature of criminal offenses which might be prosecuted by information or indictment, and the present proceedings are therefore justified.

The only question is as to the sufficiency of the indictment. This charges the defendant substantially in the words of the statute with knowingly, willfully, and unlawfully carrying on the business of a wholesale dealer in oleomargarine without having paid the special tax therefor as required by law. The complaint is that this is not specific; but I hardly see how with any profit it could be made much more so. The act, as already pointed out, defines what constitutes a wholesale as distinguished from a retail dealer or a manufacturer; and the defendant is charged with having sold or dealt in oleomargarine in that way, to do which lawfully he was required to pay a certain tax, about which there is no question or controversy,

and which it is charged that he had neglected to pay. He is thus fully apprised of the charge which he is called upon to meet, and anything more would be merely verbiage. The only thing possible that I can think of is that the indictment might have negatived that the defendant was a manufacturer selling his own product in stamped original packages at the place of manufacture, within the exception provided by the statute. But that would have involved rather than simplified the matter, and certainly was not necessary to define the charge.

The rule to show cause why the indictment should not be quashed is discharged.