## STATE v. PETERSON.

No. 5318. Decided January 16, 1933. (17 P. [2d] 925.)

*F. W. James* and *L. L. Robinson,* both of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *L. A. Miner,* Sp. Deputy Atty. Gen., for the State.

ELIAS HANSEN, J.

The defendant was convicted of the infamous crime against nature and sentenced to serve an indeterminate term in the state prison. He appeals. His assignments of error are directed to his claim that the information filed against him fails to state facts sufficient to charge a public offense. The charging part of the information reads as follows:

"That the said Clyde Peterson, on the 8th day of September, A. D. 1931, at the County of Salt Lake, State of Utah, wilfully, unlawfully and feloniously, did commit a detestable and abominable crime against nature with and upon one Elaine Giles by then and there inserting his sexual organ into the mouth of said Elaine Giles."

The sufficiency of the information to charge a public offense was questioned in the court below by a demurrer, by a motion to direct a verdict of not guilty, and by a motion in arrest of judgment. The demurrer was overruled and the motions were denied. Such rulings are assigned as error. At the trial the facts were stipulated to be as follows: On September 8, 1931, at Salt Lake county, state of Utah, the defendant Clyde Peterson "inserted his sexual organ, to wit, his penis into the mouth of Elaine Giles; that he thereafter withdrew it and had a seminal discharge and that said discharge was not in the mouth of the said Elaine Giles." The case was submitted to the jury solely upon the facts so stipulated. Comp. Laws Utah 1917 provided:

Section 8121.

"Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than three years nor more than twenty years."

Section 8122.

"Any sexual penetration, however slight, is sufficient to accomplish the crime against nature."

In 1923 the Legislature repealed section 8122 and amended section 8121 to read as follows:

"Every person who is guilty of sodomy or any other detestable and abominable crime against nature, committed with mankind or with any animal, with either the sexual organs or the mouth, is punishable by imprisonment in the State prison, not less than three or more than twenty years." Laws of Utah 1923, c. 13, p. 21.

In the case of *State* v. *Johnson,* 44 Utah 18, 137 P. 632, decided in 1913, this court held that under the law as it was prior to the amendment of 1923 the infamous crime against nature was accomplished only by copulation in anum and did not include copulation by one male person in the mouth of another. It is urged on behalf of the defendant that the so-called amendment of 1923 merely fixed the penalty that shall be imposed upon one who is convicted of the infamous crime against nature and that it did not change the nature of the acts which constitute such crime. One of appellant's contentions, as we gather from his brief and the oral argument of his counsel, is that a statute which merely imposes a punishment for the commission of an act is not sufficient to make such act a crime. Defendant's contention in such respect is not supported by the adjudicated cases. The doctrine is well established that where a statute imposes a punishment for the commission of an act such provision is sufficient to make the act a crime without any express provision declaring it to be a crime. *U. S.* v. *Joyce* (D. C.) 138 F. 455; *Dyer* v. *Placer County,* 90 Cal. 276, 27 P. 197; *Gray* v. *State,* 6 Ga. App. 428, 65 S. E. 191; *Hedderich* v. *State,* 101 Ind. 564, 1 N. E. 47, 51 Am. Rep. 768; *State* v. *Allen,* 129 La. 733, 56 So. 655, Ann. Cas. 1913B, 454; *People* v. *Brown,* 16 Wend. (N. Y.) 561; *State* v. *Pierce,* 123 N. C. 745, 31 S. E. 847; *State* v. *Ostwalt,* 118 N. C. 1208, 24 S. E. 660, 32 L. R. A. 396; *State* v. *Central*

*Lumber Co.,* 24 S. D. 136, 123 N. W. 504, 42 L. R. A. (N. S.) 804. It is next urged that the act of 1923 does not define the acts which constitute the crime against nature as applied to copulation in the mouth. When a statute fails to designate the particular act or acts which constitute a crime known to common law, courts look to and are governed by the common-law definition of the crime so designated by statute. Wharton's Criminal Law (12th Ed.) vol. 1, § 758, p. 1040. The infamous crime against nature was well known to the common law. There are some authorities which hold that at common law the crime against nature was committed by copulation in the mouth, but the weight of authority is to the contrary. *State* v. *Johnson,* supra, and cases there cited. It is clear, however, by the language used by the Legislature in the amendment of 1923 that the lawmaking power of this state desired to extend the acts which constitute the infamous crime against nature to include copulation in the mouth. Obviously the Legislature may declare that the doing of certain acts shall constitute the crime against nature although they would not have constituted such crime at common law. Nor was it necessary for the Legislature to specify the particular acts which should constitute the crime against nature. That crime being known to the common law, the courts may resort to that source for a definition of the crime and then give effect to the legislative provision that the crime against nature is none the less such crime when accomplished with the mouth. Such is the holding of other courts under statutes similar to our statute after the amendment of 1923, *Means* v. *State,* 125 Wis. 650, 104 N. W. 815; *Honselman* v. *People,* 168 Ill. 172, 58 N. E. 304; *Herring* v. *State,* 119 Ga. 709, 46 S. E. 876; *State* v. *Vicknair,* 52 La. Ann. 1921, 28 So. 273; *State* v. *Long,* 133 La. 580, 63 So. 180; *State* v. *Start,* 65 Or. 178, 132 P. 512, 46 L. R. A. (N. S.) 266. Our statute relating to the crime against nature as amended in 1923 is not open to the construction that it includes only the crime of sodomy as known to the

common law. Since the amendment the acts charged against the defendant come within its provisions.

It is also urged that the title to the act in question fails to indicate that the infamous crime against nature is therein defined and that therefore the act does ■ not and was not intended to define the crime against nature.

"An Act to amend Section 8121 and repealing Section 8122, Compiled Laws of Utah, 1917, relating to crimes against nature."

The contention of appellant in such respect cannot be successfully maintained. The title of the act sufficiently expresses the subject-matter thereof to meet the requirements of article 6, § 23, of our State Constitution. *Baker* v. *Department of Registration,* 78 Utah 424, 3 P. (2d) 1082, and cases there cited.

It is further urged on behalf of the appellant that the information is fatally defective, in that it fails to allege sufficient facts to charge the completed crime against nature. Defendant's position, as we understand it, is that the state must allege and prove an emission be- ■ fore the defendant may legally be convicted of the crime against nature. The authorities do not support such contention; especially is that so with respect to the necessity of alleging in the information that there was an emission. The same degree of particularity is not required in an information charging the crime against nature as is required generally in other informations. 8 R. C. L. 335, § 366; 58 C. J. 791; Wharton Precedents of Information and Pleas, vol. 1, p. 219; Bishop on Criminal Procedure (3d Ed.) vol. 1, p. 477. Moreover, the information here under review is in substantial compliance with Comp. Laws Utah 1917, § 8832. Nor is there any merit to the claim that the stipulated facts fail to show the defendant guilty of the completed crime. There is a conflict in the authorities as to whether or not under the common law an emission is a necessary element of the completed crime.

As heretofore indicated, it was stipulated in this case that there was an emission outside of the mouth of the subject. No case, however, has been called to our attention which holds that to constitute the completed crime at common law the emission must be into some aperature of the body of the subject. We are not impressed with the idea that such a doctrine is entitled to judicial approval. Moreover, it is quite generally held under statutory provisions condemning the crime against nature that an emission is not a necessary element in the commission of that crime. 18 C. J. 790; Brill Cyc. Criminal Law, vol. 2, p. 1631, § 1042.

The information charges a public offense and the stipulated facts support the conviction.

The judgment is affirmed.

STRAUP, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.