# Wytheville

## James M. Morgan v. Commonwealth of Virginia.

### June 10, 1937.

Present, Campbell, C. J., and Holt, Gregory, Browning,
Eggleston and Spratley, JJ.

The opinion states the case.

*Herman A. Sacks*, for the plaintiff in error.

*Abram P. Staples, Attorney-General*, and *Ralph H. Ferrell, Jr., Special Assistant*, for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused, James Morgan, was summoned before the police justice of the city of Norfolk upon a warrant charging him with a violation of Code, section 2808 (as amended by Acts 1936, ch. 136), which is commonly known as the vagrancy statute. He was convicted by the police justice and upon his appeal to the corporation court his conviction was sustained. He now seeks a reversal of the judgment of the trial court, claiming that it is not sustained by the evidence, and that Code, section 2808, is not constitutional.

Section 2808, subsection 9 (as amended by Acts 1936, ch. 136), under which he was prosecuted, provides in substance that persons who have no visible income lawfully acquired and who consort with idlers, gamblers, etc., shall be deemed vagrants.

The evidence for the Commonwealth disclosed that the accused had been under the surveillance of the police department of Norfolk for some time. He had been watched by the police at all hours of the day and night. The police testified that the accused was able to work but refused to work, and that he consorted with idlers and gamblers and those who continuously violated the law. They also testified

that they had investigated the accused and found that he had no visible means of support or visible income.

The accused testified that he was working in Newport News but he did not state that he received any wages for his work. He contradicted the police officers but produced no evidence to corroborate his own.

We think the evidence clearly sustains the judgment of conviction.

In Virginia there are four statutes in which the subject of vagrancy is treated, and, in order to obtain a clear view of the legislative intent and purpose of enacting them, pertinent portions are set out:

Section 2808. "*Who are vagrants.*—The following persons shall be deemed vagrants:

\*      \*      \*      \*      \*      \*      \*      \*

"Ninth. All persons who have no visible income lawfully acquired and who consort with idlers, gamblers, bootleggers, prostitutes, narcotic users, narcotic vendors, persons engaged in the operation of any disorderly house, or illegal enterprise of any kind, or persons having the reputation of any of the above named."

Section 2809. "*Vagrants; how dealt with, etc.*—It shall be the duty of the sheriff \* \* \* or other like officials in every city and town \* \* \*, to give information, \* \* \* to any officer empowered by law to issue criminal warrants, of all vagrants \* \* \*, in their respective counties, cities, \* \* \*; the said officer shall issue a warrant for the arrest of the person alleged to be a vagrant, \* \* \* and upon conviction shall be punished as for a misdemeanor: but the justice or the court before which the case may be tried may permit such person so convicted to give bond, with sufficient security, \* \* \* conditioned upon his future industry and good conduct for one year; and \* \* \* such person shall be set at liberty without undergoing the punishment imposed by his conviction. It shall be a sufficient defense to the charge of vagrancy \* \* \* that the defendant has made reasonable bona fide efforts to obtain employment at reasonable prices for his labor and has failed to obtain the same."

Section 2810. "*Punishment of vagrants.*—Whenever any person is apprehended or arrested in any city or town as a vagrant under section twenty-eight hundred and eight it shall be unlawful for said authorities to discharge said person upon condition that such person leave said city or town, but they shall proceed as and only as provided by the preceding section."

Section 2810a, Code 1936. "*Commitment of vagrants to poorhouses.*—Any person who is a vagrant as defined by the laws of the State of Virginia, or who is physically incapable of supporting himself or herself, and in destitute circumstances, may, in the discretion of the justice or court before whom the case may be tried, be committed to the county or city poorhouse, alms house, or like institution."

The specific charge upon which the accused was tried is found in subsection 9 of section 2808. He asserts with great earnestness that the entire statute is unconstitutional as against the Virginia Bill of Rights and the due process clause (section 1 et seq.) and that it is discriminatory, unreasonable, indefinite and arbitrary.

The learned Attorney General declares that the statute is a "constitutional exercise of the police power of the State, and that it has none of the characteristics attributed to it by the accused."

The intent of the General Assembly in enacting these statutes is clearly expressed by the Attorney General in his brief. He says: "It is clear that the purpose of the Legislature in enacting these sections was not only to lessen the possibility of citizens becoming public burdens and charges, but also to cut out, at the roots, breeding places of many crimes offensive to the personal well-being of many citizens, which endanger private property, and threaten the peace of the Commonwealth. It is well known that much crime is the direct result of the consortion of persons who have no lawful income with gamblers, bootleggers, prostitutes and other habitual violators of the law. * * *"

In speaking of the purpose of such legislation the New York court in the case of *People* v. *Forbes*, 4 Parker, Cr. R.

(N. Y.) 611, in which a conviction for vagrancy was upheld, said: "These statutes declaring a certain class or description of persons vagrants, and authorizing their conviction and punishment as such, as well as certain statutes declaring a certain class or description of persons to be disorderly persons, and authorizing their arrest as such, are in fact rather of the nature of public regulations to prevent crime and public charges and burdens, than of the nature of ordinary criminal laws prohibiting and punishing an act or acts as a crime or crimes. If the condition of a person brings him within the description of either of the statutes declaring what persons shall be esteemed vagrants, he may be convicted and imprisoned, whether such a condition is his misfortune or his fault. His individual liberty must yield to the public necessity or the public good."

In any fair consideration of the question of the constitutionality of a statute we must start with the premise that every reasonable presumption must be indulged in favor of its constitutionality and that it must be clearly shown to be in violation of the Constitution before it will be rendered void. The infraction must be clear and palpable, and seldom, if ever, should a statute be held void as repugnant to the Constitution if the question be doubtful. It is not to be denied that this court may declare a statute unconstitutional. "It is, however, a delicate matter to hold that the legislative department of the government has transcended its powers, and it will not be done except in a case where there is a clear violation of some explicit provision of the Constitution or Bill of Rights. To doubt must be to affirm." *Henrico County* v. *City of Richmond*, 106 Va. 282, 55 S. E. 683, 686, 117 Am. St. Rep. 1001. See also, *Whitlock* v. *Hawkins*, 105 Va. 242, 248, 53 S. E. 401.

Along with the rule stated we must also remember the fundamental purpose of a State Constitution.

In *Strawberry Hill, etc., Corp.* v. *Starbuck*, 124 Va. 71, 77, 97 S. E. 362, 364, the court in speaking of this subject said: "In determining the constitutionality of a statute, we must of course always bear in mind that the State Constitution is not a grant of power, but only the restriction of powers otherwise

practically unlimited, that except so far as restrained by the Constitution, the legislature has plenary power; and that every fair doubt must be resolved in favor of the constitutionality of an act of the General Assembly. *Ex parte Settle,* 114 Va. 715, 77 S. E. 496; *Pine and Scott* v. *Commonwealth,* 121 Va. [812] 822, 93 S. E. 652."

It must be conceded that the General Assembly has the power to enact vagrancy statutes under its police power.

One challenging a statute must clearly show that in its operation it is unconstitutional as to him in his situation. The fact that it may be unconstitutional as to others in other varying circumstances and asserting its invalidity when applied to far-fetched imaginary cases is not sufficient.

The accused asks us to declare the entire section 2808 void because he thinks subsection 9 under which he was convicted is void. We deem it unnecessary to discuss the constitutionality of the entire statute because the prosecution and trial of the accused was limited to a violation of subsection 9. The sole question here is as to the constitutionality of the subsection and not as to the entire statute.

The main contention of the accused is that subsection 9 of the statute restricts a person in his inalienable right to associate with others. He says that the subsection renders one a vagrant because of his consortion with certain classes of persons even though it be for a lawful purpose. He also says that the statute is doubtful and indefinite and that "no legislative body can pass an act forbidding one from selecting his associates." So runs the argument.

It is not necessary for the purpose of deciding this case to pass upon the validity of a statute which restricts a person in choosing his associates, or to decide whether a person is a vagrant who has neither income nor work. Likewise, we do not have to decide whether a person is a vagrant who associates with idlers, gamblers, etc. The statute does not render one guilty who is without income lawfully acquired. Neither does it render one guilty who consorts with idlers, gamblers, etc. It only renders one guilty when he has no visible income lawfully acquired coupled with the fact that he consorts with

idlers, gamblers, etc. The offense does not consist in particular affirmative acts of a person but of his mode of life, habits and character.

■ There are no reported Virginia cases dealing with vagrancy. It was an offense at common law but, in nearly all of the States, statutes have been enacted defining vagrancy and prescribing the punishment. It has been the subject of legislation in Virginia for many years, certainly as long ago as 1887, for the Code of that year carries a vagrancy statute. Notwithstanding the age of our statute, its constitutionality has never before been challenged in this court.

The construction of similar statutes of other States by the courts and the determination of their constitutionality will be helpful in reaching a decision on the constitutionality of our statute. We have not found a vagrancy statute in any State identical with ours; however, some of them in substance are quite similar.

The accused seriously relies upon the case of *People* v. *James Belcastro*, 356 Ill. 144, 190 N. E. 301, 302, 92 A. L. R. 1223. There the statute provided that "All persons * * * reputed to be habitual violators of the criminal laws * * * or to habitually carry concealed [weapons] * * * and all persons who are reputed to act as associates, companions or bodyguards of such persons reputed as aforesaid to be such habitual violators of the criminal laws * * * shall be deemed to be * * * vagabonds." Smith-Hurd Ill. Stats. ch. 38, § 578 note.

The Supreme Court of Illinois condemned that statute because it permitted a conviction to rest upon the arbitrary action of the officers and upon what a person was reputed to be rather than what he actually was. The statute meant that a court was bound to say that a person was a criminal because of a reputation resulting from opinions which might or might not be true. The establishment of a reputation required under the statute meant that a witness would be testifying to opinion, not to facts. The *corpus delicti* might be proven by reputation which might easily be based upon supposition or rumor rather than upon knowledge. For these reasons the court held the statute void as being in violation of due process.

■ The statute in that case was unlike the one in the case at bar. The distinction is obvious. A conviction there was bound to rest upon reputation. Here a conviction must rest upon proof of the fact that the accused has no visible income lawfully acquired and that he consorts with idlers, gamblers, etc.

The State of West Virginia had a statute which provided that able-bodied male residents, except *bona fide* students, who "fail or refuse to regularly * * * engage for at least thirty-six hours per week in some lawful * * * business, * * * occupation or employment, * * * shall be held to be a vagrant." Code Supp. 1918, § 5457b. This act by its express terms continued in effect for six months after the termination of the war between the United States and Germany. The West Virginia Supreme Court of Appeals, in *Ex parte Hudgins*, 86 W. Va. 526, 103 S. E. 327, 9 A. L. R. 1361, held the statute void as an unconstitutional restraint upon personal liberty.

A comparison of the West Virginia statute and the Virginia statute will demonstrate at once the wide difference between them.

In New York the Court of Appeals upheld a vagrancy statute which provided: "Any person who with intent to provoke a breach of the peace * * * commits any of the following acts shall be deemed to have committed the offense of disorderly conduct. * * * Who bears an evil reputation and with an unlawful purpose consorts with thieves and criminals * * * consorting with persons of like evil reputation * * * shall be prima facie evidence that such consorting was for an unlawful purpose." Penal Law (Consol. Laws, ch. 40) § 722. The court however reversed the decision of the lower court on account of the insufficiency of the evidence. See *People* v. *Pieri*, 269 N. Y. 315, 199 N. E. 495.

In the following cases the courts construed statutes somewhat similar to the Virginia vagrancy statutes.

In *Ex parte Branch*, 234 Mo. 466, 137 S. W. 886, the statute reads: "Every person who may be found loitering around houses of ill fame, gambling houses or places where liquors are sold or drank, without any visible means of support, * * * shall be deemed a vagrant, * * *." Rev. St. 1909, § 4789

(Mo. St. Ann. § 4333, p. 3011). The statute was held constitutional and not in violation of article 2, section 4, of the Constitution, providing that all persons have a natural right to life, liberty, and the enjoyment of the gains of their own industry, as it did not prohibit any one from being without visible means of support, or from being idle, or from loitering around saloons and gambling houses, but, when all three elements meet in one person at the same time, they constitute a vagrant.

In *City of New Orleans* v. *Postek*, 180 La. 1048, 158 So. 553, 554, a suit was brought to decide whether a city ordinance regarding vagrancy was constitutional. The ordinance provided in part as follows: "That all idle persons having no visible means wherewith to support and maintain themselves, and who live without employment; * * * all persons who are without any apparent means of honestly earning their livelihood and support, or who live in or habitually loiter about and frequent houses or places known by the police authorities to be harboring places for, and the resort of thieves, burglars and suspicious characters; * * * are hereby declared to be vagrants." This ordinance was held to be valid and not in violation of the due process clause of the Federal Constitution, and not void as class legislation.

In *Ex parte Karnstrom*, 297 Mo. 384, 249 S. W. 595, the Missouri statute was again held to be constitutional.

The accused complains because the subsection of the Virginia statute does not define the words "visible income," "idlers," "gamblers" and "consort." In *State* v. *Harlowe*, 174 Wash. 227, 24 P. (2d) 601, 604, the court, answering a similar complaint, said: "They are words, however, of common and general use, and are easily understood by men and women of average intelligence. We doubt whether definition could make them any clearer." The words referred to there were "lewd," "disorderly" and "dissolute."

In speaking of vagrancy the court in the *Harlowe Case* made this pertinent observation: "Society recognizes that vagrancy is a parasitic disease, which, if allowed to spread, will sap the life of that upon which it feeds. To prevent the

spread of the disease, the carrier must be reached. In order to discourage, and, if possible, to eradicate, vagrancy, our Legislature has enacted a statute defining vagrant persons and penalizing them according to its terms. Other Legislatures have pursued the same course. We see no reason why this cannot, or should not, be done as a valid exercise of the police power."

Chief Justice John Marshall once said: "Let the end be legitimate, let it be within the scope of the Constitution; and all means which are appropriate, which are clearly adapted to that end, which are not prohibited, but consistent with the letter and spirit of the Constitution, are constitutional."

Adverting to our vagrancy statutes it will readily be seen that deserving but unfortunate persons are not likely to suffer. Wide latitude is granted trial courts. If a defendant establishes that he has made reasonable effort to obtain employment and offered his services at reasonable prices and has failed to secure work, he will not be convicted of vagrancy. Or if he has been convicted the court may allow him to give bond and to be discharged from custody conditioned upon his future industry and good conduct for a year. Or if the defendant is physically incapable of supporting himself and is in destitute circumstances, he may, in the discretion of the court, be committed to the poorhouse. With these reasonable safeguards it is not likely that an injustice will be done anyone. No arbitrary exercise of power is authorized by the statute nor has any such power been exercised in this case.

Our conclusion is that the statute is a valid exercise of the police power and therefore constitutional.

*Affirmed.*