[Crim. No. 4599.   Second Dist., Div. Three.   Apr. 9, 1951.]

THE PEOPLE, Respondent, v. EDWIN E. BABB, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was charged in one count with the infamous crime against nature. He was convicted by the court sitting without a jury of vagrancy as an offense necessarily included within the offense charged. He appeals from the judgment and the order denying his motion for a new trial.

Defendant's assignments of error are: (1) Subdivision 5 of section 647 of the Penal Code does not state an offense under the law. (2) Subdivision 5 of Penal Code section 647 is not an offense necessarily included within the infamous crime against nature as defined by section 286 of the Penal Code.

Penal Code, section 647, subdivision 5, provides: "Every idle, or lewd, or dissolute person, or associate of known thieves; . . . Is a vagrant and is punishable by a fine of not exceeding five hundred dollars ($500), or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." Defendant argues that the quoted provision does not forbid or command any act; that it refers to a state of being or status;[1] that therefore it does not define a crime because Penal Code, section 15, defines a crime as "an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments: . . ."

█ All that is meant by saying that vagrancy is a status is that it is a present condition; that the statute can be applied only to the persons who meet the description at the time the offense was committed. (*People* v. *Craig,* 152 Cal. 42, 47 [91 P. 997]; *People* v. *Lund,* 137 Cal.App.Supp. 781 [27 P.2d 958]; 66 C.J. 401, § 4.) █ It is generally conceded that within certain broad limitations the Legislature may by statute define "vagrancy" and provide that those who come within the definition shall be punished as the statute ordains. (*In re Cutler,* 1 Cal.App.2d 273, 280 [36 P.2d 441]; *Ex parte Hudgins,* 86 W.Va. 526 [103 S.E. 327, 9 A.L.R. 1361, 1363], cited with approval in *People* v. *Scott,* 113 Cal.App. Supp. 778, 780 [296 P. 601]; *State* v. *Harlowe,* 174 Wash. 227 [24 P.2d 601, 603]; *Morgan* v. *Commonwealth,* 168 Va. 731 [191 S.E. 791, 111 A.L.R. 62]; *Ex parte Strittmatter,* 58 Tex.Crim. 156 [124 S.W. 906, 907, 137 Am.St.Rep. 937, 21 Ann. Cas. 477]; 66 C.J. 399, § 2; anno. 111 A.L.R. 68.)

█ A general course of conduct, practices, habits, mode of life, or status which is prejudicial to the public welfare may be prohibited by law and punishment therefor may be provided by the state. (14 Am.Jur. 754, § 2.) █ Every course of conduct or practice or habit or mode of life or status which falls within this class of wrongs is connoted by the

---

[1] It has been so held by the appellate department of the superior court of the county of Los Angeles in an unpublished opinion. (*People* v. *Cook,* Crim. A. No. 1629.)

term "crime." (*Bopp* v. *Clark*, 165 Iowa 697 [147 N.W. 172; Ann.Cas. 1916E 417, 419, 52 L.R.A.N.S. 493, 495].) ■ The word "crime" in its more extended sense comprehends every violation of public laws. (*Callan* v. *Wilson*, 127 U.S. 540 [8 S.Ct. 1301, 32 L.Ed. 223, 226].) ■ The doctrine is well settled that a statute which imposes punishment for a course of conduct, practices, habits, mode of life, or status is sufficient to make the same a crime without any express declaration to that effect. (*People* v. *Kennedy*, 21 Cal.App.2d 185, 193 [69 P.2d 224]; *State* v. *Peterson*, 81 Utah 340 [17 P.2d 925, 926]; *State* v. *Brown*, 221 N.C. 301 [20 S.E.2d 286, 289]; *Morgan* v. *Commonwealth*, 168 Va. 731 [191 S.E. 791, 111 A.L.R. 62, 66]; *State* v. *Central Lumber Co.*, 24 S.D. 136, [123 N.W. 504, 507, 42 L.R.A.N.S. 804], aff. 226 U.S. 157 [33 S.Ct. 66, 57 L.Ed. 164]; 7 Cal.Jur. 839, § 3; anno. 14 A.L.R. 1482.)

In *Dyer* v. *County of Placer*, 90 Cal. 276, 278 [27 P. 197], the statute read: "Every person who shall fraudulently evade, or attempt to evade, the payment of his fare for traveling on any railroad shall be fined not less than five nor more than twenty dollars." The trial court held that a violation of the statute did not constitute a public offense. In reversing the judgment, it was said, page 278: "We think a violation of section 9 constitutes a public offense within the definition of section 15 of the Penal Code, which reads as follows: '. . .' To hold that a law which makes it a finable offense to fraudulently evade the payment of railroad fare does not make such evasion a public offense would, we think, be going but skin deep into its meaning."

In *State* v. *Harlowe*, 174 Wash. 227 [24 P.2d 601], the defendant was charged with being a vagrant. Part of the statute defined vagrants as "lewd, disorderly or dissolute persons." On appeal the defendant's criticism was "that the statute is not leveled against any act, but merely against a state of being." The court held, page 603 [24 P.2d]: "Society recognizes that vagrancy is a parasitic disease, which, if allowed to spread, will sap the life of that upon which it feeds. To prevent the spread of the disease, the carrier must be reached. In order to discourage, and, if possible, to eradicate, vagrancy, our Legislature has enacted a statute defining vagrant persons and penalizing them according to its terms. Other Legislatures have pursued the same course. We see no reason why this cannot, or should not, be done as a valid exercise of the police power."

330·

We conclude that subdivision 5 of section 647 of the Penal Code states a public offense insofar as it provides that every lewd or dissolute person is a vagrant and prescribes a punishment therefor.

"The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. (*People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416].)" (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512].) "A proper ground of distinction between included and nonincluded offenses is whether they involve essentially the same or different elements of conduct. If they have a common basis the greater is usually deemed to include the lesser." (*People* v. *Gossman,* 95 Cal.App.2d 293, 295 [212 P.2d 585].) Penal Code, section 286, provides that every person who is guilty of the infamous crime against nature is punishable by imprisonment. The offense is synonymous with that of sodomy. (*People* v. *Battilana,* 52 Cal.App.2d 685, 694 [126 P.2d 923].) It must be committed *per anum.* (*People* v. *Boyle,* 116 Cal. 658 [48 P. 800].)

"Lewd" and "dissolute" are terms often used interchangeably. Each applies to the unlawful indulgence in lust whether in public or private. (*In re McCue,* 7 Cal.App. 765, 766 [96 P. 110].) "Lewd" is defined to mean: "4. Lustful; libidinous; lascivious; unchaste." "Dissolute" is defined to mean: "2. . . . loose in morals and conduct; wanton; lewd; debauched." Webster's New Inter. Dict., 2d ed.)

One cannot commit the infamous crime against nature without being lewd and dissolute. Lewdness and dissoluteness are necessary elements of that offense. The infamous crime against nature and vagrancy, where the offense is that of a lewd and dissolute person, involve essentially the same elements of conduct. They have a common basis.

It is true that a person can be lewd and dissolute without committing the infamous crime against nature, but the converse is not true. In *People* v. *Greer,* 30 Cal.2d 589 [184 P.2d 512], it was held that every violation of Penal Code, sections 261(1) (statutory rape) and 288 (lewd and lascivious act on a child under 14), necessarily constitutes a violation of the Welfare and Institutions Code, section 702 (contributing to the delinquency of a minor). A single act of lewdness or dissoluteness may be sufficient to constitute a person a vagrant if it is of such a nature as reasonably to justify an inference that no one not of lewd or dissolute character

would do such an act even once; and whether the inference may be drawn from the evidence of a single act is a question for the trier of fact. (*People* v. *Scott*, 113 Cal.App. Supp. 778, 784 [296 P. 601].) That defendant's conduct was lewd and dissolute is not denied; that the evidence was such as to warrant the inference that he was a vagrant is not debatable.

We hold that subdivision 5 of section 647 of the Penal Code insofar as it defines a vagrant as a lewd or dissolute person is necessarily included within the infamous crime against nature defined by section 286 of the Penal Code.

Judgment and order affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied April 24, 1951.