[Crim. No. 28563. Second Dist., Div. Two. June 17, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS ROBERT WILLIAMS, Defendant and Appellant.

---

**COUNSEL**

Thomas F. Coleman for Defendant and Appellant.

Robert W. Parkin, City Prosecutor, and William S. Hulsy, Deputy City Prosecutor, for Plaintiff and Respondent.

---

**OPINION**

**COMPTON, J.**—Douglas Robert Williams was convicted by a municipal court jury of violating Penal Code section 647, subdivision (a), which punishes as a misdemeanor any "lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view."

We view the evidence, as we must, in the light most favorable to the judgment. Long Beach Police Officer Richard A. Rose observed defendant in a public restroom located on the beach at the foot of Molino Street in Long Beach at about 10:15 p.m. on October 1, 1974. Defendant entered the restroom, stood against one wall for several minutes, and then entered a toilet stall. There was no door on the stall. Defendant lowered his trousers and underpants and commenced to masturbate his penis for a period of several minutes. Another person in the restroom approached, touched defendant's penis and then left the restroom. Defendant then departed the restroom and walked on the beach for a few minutes. Defendant returned to the restroom.

At this time Officer Rose's partner, Officer David John Duran had also entered the restroom. Defendant stood next to Officer Duran for several minutes and massaged his (defendant's) crotch area. He unzipped his pants, reached inside and continued to massage his crotch area. Defendant then entered another open toilet stall and let down his

trousers and underpants. At this time Officer Rose placed defendant under arrest.

Defendant testified in his own defense. He indicated that he was an optometrist. His office is in Fullerton and his residence in Huntington Beach. On the date in question he drove from his residence in Huntington Beach to Long Beach to deliver a pair of glasses to an optical laboratory. After arriving in Long Beach he ate dinner at a restaurant and then drove to the optical lab and deposited the glasses through a night drop along with a note indicating the changes in the lenses that he desired. Feeling somewhat full from the dinner he had eaten, he decided to drive to the beach which was only about a mile and one-half away in order to take a walk in the fresh air. After arriving at the beach and walking along the beach for a few minutes he felt the need to relieve himself. He observed a restroom at the edge of the beach and entered the restroom. He stood inside the restroom for a few moments, then entered one of the toilet stalls and both urinated and defecated.

At that time he was approached by one of the police officers and placed under arrest. Defendant denied ever masturbating in the restroom or having his penis touched by any other individual in the restroom. He denied having stood next to anyone while massaging his crotch.

In rebuttal, employees of the optical lab testified that the glasses appellant said he deposited at the lab in the evening were actually delivered to the lab before 5 p.m. by someone other than defendant.

The appellate department of the superior court reversed the judgment, citing two grounds for its action. Relying upon *Silva* v. *Municipal Court,* 40 Cal.App.3d 733 [115 Cal.Rptr. 479], the appellate department found error in the trial court's instruction to the jury in defining "lewd and dissolute conduct." The appellate department also held that the trial court erred in failing to instruct that "sexual motivation" is an element of the offense in violation of Penal Code section 647, subdivision (a). Other issues raised by defendant on the appeal were not considered in view of the decision that the judgment had to be reversed for the instructional errors.

We ordered transfer of the cause to this court pursuant to rule 62(a) of the California Rules of Court.

## Lewd and Dissolute Conduct

The trial court defined "lewd and dissolute conduct" as provided in the current version of CALJIC (Misdemeanor) No. 16.402, pertaining to Penal Code section 647, subdivision (a), as follows: ". . . the words 'lewd' and 'dissolute' are synonymous and mean lustful, lascivious, unchaste, wanton, or loose in morals and conduct." The latter instruction has remained unchanged for many years and relies upon *People* v. *Loignon,* 160 Cal.App.2d 412, 420 [325 P.2d 541], and *People* v. *Babb,* 103 Cal.App.2d 326, at page 330 [229 P.2d 843]. ██ In *Babb,* the court stated, " 'Lewd' and "dissolute' are terms often used interchangeably. Each applies to the unlawful indulgence in lust whether in public or private. [Citation.] 'Lewd' is defined to mean: '4. Lustful; libidinous; lascivious; unchaste.' 'Dissolute' is defined to mean: '2. . . . loose in morals and conduct; wanton; lewd; debauched.' [Citation.]"

*Loignon,* relying upon the latter definitions in *Babb,* rejected an argument that the terms "lewd and dissolute" were unconstitutionally vague, indefinite and uncertain. The definitions of "lewd" and "dissolute" set forth in *Loignon* and *Babb* have recently been cited with approval. (See *In re Smith,* 7 Cal.3d 362, 365 [102 Cal.Rptr. 335, 497 P.2d 807]; *In re Steinke,* 2 Cal.App.3d 569, 572, fn. 2 [82 Cal.Rptr. 789].)

In the recent case of *Silva* v. *Municipal Court, supra,* the Court of Appeal of the First District was confronted with a challenge to a complaint which charged the defendant with *soliciting* another to engage in lewd and dissolute conduct in violation of Penal Code section 647, subdivision (a).[1]

The case reached the Court of Appeal on a petition for writ of mandate to compel the sustaining of a demurrer to the complaint which was pleaded in the general language of the statute. The context in which the defendant was alleged to have committed the violation is not revealed in the opinion. Defendants there made a two-pronged attack on the statute (1) that solicitation is pure speech and its proscription must be tested against First Amendment principles, and (2) that the term "lewd or dissolute conduct" is unconstitutionally vague.

---

[1] Penal Code section 647, subdivision (a), condemns both soliciting and engaging in lewd or dissolute conduct in a public place.

The plain holding of *Silva* is that Penal Code section 647, subdivision (a), is not vulnerable to either attack. In declaring that the phrase "lewd or dissolute" conduct was not vague or uncertain, the Court of Appeal relied, and we think unnecessarily, on language to be found in *In re Giannini,* 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535], to the effect that the terms "lewd" and "dissolute" are synonymous with "obscene."

Of course *Giannini* was in turn dealing with a performance by a dancer and the thrust of *Giannini* was that the performance of a dance before an audience constituted a method of expression which is presumptively protected by the First Amendment and thus must be judged in terms of whether it is "obscene."

This distinction was clarified and emphasized in *Barrows* v. *Municipal Court,* 1 Cal.3d 821 [83 Cal.Rptr. 819, 464 P.2d 483], where Mr. Justice Mosk traced the history of Penal Code section 647, subdivision (a), from its origin as a vagrancy statute and concluded that the statute was not intended to apply to live performances in a theater before a live audience. In discussing *Giannini,* the court in *Barrows* stated at page 828: "The petitioners in *Giannini* were convicted of violating section 647, subdivision (a), by performing a dance before an audience in a nightclub. *We held that the performance of a dance, whether a ballet or a lesser artistic form, warranted the protection of the First Amendment, absent proof of its obscenity, but that, in determining whether the conduct of the petitioners was lewd or dissolute, the standards to be applied were those relating to obscenity as defined in section 311, subdivision (a)."* (Italics added.)

█ Thus we conclude that nothing said in *Giannini* or *Barrows, supra,* concerning Penal Code section 647, subdivision (a), was intended to refer to the application of that statute to conduct not involving an expression of ideas such as a theatrical performance. We do not interpret the language from *Giannini* to which the *Silva* court referred to require that standards relating to obscenity as defined in Penal Code section 311, subdivision (a), be read into Penal Code section 647, subdivision (a), in a context other than was present in *Giannini* or *Barrows.*

Nowhere in *Silva* v. *Municipal Court, supra,* is there any mention of *Loignon, Babb* or CALJIC (Misdemeanor) No. 16.402. We cannot reasonably conclude that our brethren in the First District intended so unceremoniously to relegate to oblivion those long-standing and respected precedents.

■ The terms "lewd or dissolute" are susceptible of clear and understandable definition, as demonstrated by *Babb* and CALJIC (Misdemeanor) No. 16.402, in describing the type of conduct which the Legislature sought to prohibit. In the final analysis all words are defined by the use of other words. The English language simply does not contain words which can always be characterized as the optimally precise and only term for describing a particular thing or conduct.

Whatever words may be used to define what the statute was intended to cover will necessarily be interpreted by a jury comprised of individuals from various walks of life, according to prevailing notions of what conduct fits the definition. That is the jury's basic function and it is not necessary to produce expert testimony nor instruct the jury on that concept.

The *Silva* court in equating "lewd and dissolute" with "obscene" used the phrases "grossly repugnant," "patently offensive," "disgusting," "repulsive," "filthy," "foul," "abominable" or "loathsome." All are good descriptive words of "lewd or dissolute," but no more precise than those used in *People* v. *Babb, supra.*

■ The fundamental test is whether a reasonable person in the position of the defendant would be apprised with reasonable certainty that his conduct is proscribed. ■ We do not think that any reasonable person be he juror or defendant would have any difficulty understanding, even under today's liberal attitudes toward sex, that masturbation in a public place in plain view of anyone who may be on the premises is "lewd and dissolute."

### Failure to Instruct That "Sexual Motivation" Is an Element of the Offense Proscribed in Penal Code Section 647, Subdivision (a)

The appellate department concluded that violation of Penal Code section 647, subdivision (a), requires proof of the defendant's "sexual motivation." The appellate department's opinion relied on *In re Birch,* 10 Cal.3d 314, footnote 4, at pages 318-319 [110 Cal.Rptr. 212, 515 P.2d 12]. Although reversal was ordered in *Birch* on procedural grounds, the court stated in footnote 4 as follows: "On this state of the record, which discloses that no testimony has been taken or evidence adduced as to the

facts underlying the crime and no stipulation has been entered as to such events, we believe that we should not attempt to determine whether the conduct allegedly resulting in the charges is, as a matter of law, insufficient to support a conviction under section 647, subdivision (a). If, on remand, the state chooses to reprosecute Birch on such charges, *defendant will of course remain free to show that his conduct did not exhibit the requisite 'sexual motivation' to bring it within the ambit of 'lewd and dissolute conduct' proscribed by section 647, subdivision (a).* [Citations.]" (Italics added.)

Without deciding the necessity or propriety, under some special circumstances, of a separate instruction to the effect that "sexual motivation" is an element of the offense herein, it is apparent from the record in this case that the instructions actually given by the trial court were more than adequate. ■ The instruction defining "lewd and dissolute conduct," CALJIC (Misdemeanor) No. 16.402, plainly informed the jury of the sexual aspects of the offense charged. The instruction defined "lewd and dissolute" as synonymous with "lustful," "lascivious," and "unchaste." The latter terms clearly equate with and connote to any reasonable juror the sexual element of the offense. If the jury here had believed, as testified by defendant, that he was merely attending to matters of personal hygiene when arrested, the latter instruction was sufficient to require them to return a verdict of not guilty.

There is no doubt from the record that once the jury believed the testimony of the arresting officers, as to the nature of defendant's acts in the restroom, the existence of sexual motivation for such acts followed as a necessary inference. Indeed, nothing in appellant's testimony nor in his counsel's argument to the jury suggested that such motivation was lacking if the officers' testimony was credited.

The facts of the present case are quite unlike those in *In re Birch, supra,* where the defendant was accused of violating section 647, subdivision (a), of the Penal Code by virtue of having urinated next to a wall behind a restaurant. The need for a specific instruction regarding the necessity of sexual motivation for such activity is far more apparent in such a situation than where, as here, if the officers' testimony was believed by the jury, there was no suggestion whatever that defendant's activities were anything other than sexually motivated. We, therefore, conclude that the trial court's instruction defining "lewd and dissolute conduct," adequately informed the jury of the sexual nature of the offense charged. ■ The statute is aimed at prohibiting a type of

defined conduct and does not of itself require any special intent or motivation.

As to the above issues, the judgment is affirmed. However, as noted above, defendant raised several other issues on his appeal. The appellate department of the superior court never considered those issues on their merits because of its determination that instructional error existed. Since we have determined that there was no error in the instructions and in order to facilitate the orderly consideration of this misdemeanor appeal, the cause is hereby retransferred to the appellate department of the superior court for disposition of the remaining issues. (Cf. *Taylor* v. *Union Pac. R. Corp.* (1976) 16 Cal.3d 893 [130 Cal.Rptr. 23, 549 P.2d 855].)

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 12, 1976. Tobriner, J., was of the opinion that the petition should be granted.