Opinion
COLE, P. J.—
Defendant appeals from a judgment of conviction, based on his plea of guilty to a violation of Penal Code section 647, subdivision (a), and from an order finding him in violation of probation previously imposed on account of another conviction under the same section. The sole issue raised is the constitutionality of the section. Defendant’s attack is based, essentially, on the claim that the words “lewd or dissolute” appearing in the statute are impermissibly vague, thereby leading to a denial of due process of law and to other constitutional defects. In particular, the attack focuses on apparently conflicting definitions of “lewd or dissolute” as used in the section, which definitions appear in Silva v. Municipal Court (1974) 40 Cal.App.3d 733 [115 Cal.Rptr. 479] and in People v. Williams (1976) 59 Cal.App.3d 225 [130 Cal.Rptr. 460]. We believe the conflict is more apparent than real.
In Silva, the Court of Appeal dealt with a contention by a defendant charged with soliciting lewd and dissolute, conduct that the words “lewd” and “dissolute” were constitutionally vague and violated the First Amendment’s guarantee of freedom of speech. The court held that the term “ ‘lewd or dissolute conduct’ ” had to be given the meaning of “ ‘obscene’ ” conduct (40 Cal.App.3d at p. 738), and that when so *Supp. 3 interpreted the phrase was not vague. It defined obscene conduct as “that sort of sexual conduct which is ‘grossly repugnant’ and ‘patently offensive’ to ‘generally accepted notions df what is appropriate’ and decent according to statewide contemporary standards.” (Id. at p. 741.)
The First Amendment argument was disposed of on alternate theories. First: The First Amendment does not protect obscenity. Solicitation of an obscene act is itself obscene conduct and is therefore beyond First Amendment protection. (Id. at p. 737.) Second: Statutes which proscribe the solicitation of acts which are not in themselves criminal, but “reasonably deemed to be contrary to the public interest” have never been held to violate the First Amendment. (Id. at p. 738.)
In People v. Williams, supra, 59 Cal.App.3d 225, the defendant was convicted of engaging in lewd or dissolute conduct. Section 647, subdivision (a) condemns both soliciting and engaging in lewd or dissolute conduct in a public place. The trial court in Williams defined “lewd and dissolute” conduct in the following manner: “As used in the foregoing instruction, the words ‘lewd’ and ‘dissolute’ are synonymous and mean lustful, lascivious, unchaste, wanton, or loose in morals and conduct.” (The language is that of CALJIC No. 16.402.) The Court of Appeal held that the phrase “lewd and dissolute” was not constitutionally vague as defined by the trial court. The Williams court disagreed with the decision by the Court of Appeal in Silva insofar as that opinion seems to hold that “lewd and dissolute” must be defined synonymously with “obscene” in cases not involving theatrical performances. We agree with the decision in the Williams case that the definition of “lewd or dissolute” conduct based on CALJIC No. 16.402 meets all constitutional challenges except in cases involving live performances on a stage. In such cases the Silva definition must be given.
In any event, whichever definition prevails, the statute has been held to be constitutional. The decisions in Silva and Williams bind us. In oral argument counsel suggested that the United States Supreme Court had summarily affirmed a lower court decision (District of Columbia v. Walters (D.C.App. 1974) 319 A.2d 332) holding unconstitutional a statute with language similar to that in Penal Code section 647, subdivision (a). Accordingly, it was argued that we are bound by the Supreme Court’s action. It turns out, however, that while the Walters decision was appealed to the Supreme Court that body dismissed the appeal for want of a properly presented federal question and, treating *Supp. 4 the papers as though in certiorari, denied a petition for such a writ. Thus, there is no binding federal precedent.
The judgment and order appealed from are affirmed.
Alarcon, J., and Wenke, J., concurred.