Opinion
MARSHALL, P. J.
charged with violation of section 647, subdivision (d), of the Penal Code, demurred. The demurrer was sustained and, when the People refused to amend, the court dismissed the complaint.
Section 647, subdivision (d), provides that anyone loitering near public toilets for the purpose of soliciting a lewd, lascivious or unlawful act, is guilty of disorderly conduct, a misdemeanor.
The demurrer was based on three grounds:
1. Unconstitutional vagueness;
2. Section 647, subdivision (d), is a status crime and therefore unconstitutional;
3. Section 647, subdivision (d), is unconstitutionally overbroad.
These grounds will be considered seriatim.
1. Vagueness
The respondent contended in his demurrer that the words “lewd” and “loiter” in section 647, subdivision (d),[1] are unconstitutionally vague and argued also on appeal that the words “unlawful act” suffer the same *Supp. 10 infirmity. Respondent relies on Papachristou v. City of Jacksonville (1972) 405 U.S. 156, 170 [31 L.Ed.2d 110, 119-120, 92 S.Ct. 839] to establish that “loiter” is vague. Such reliance is misplaced. The Jacksonville ordinance reviewed in Papachristou “makes criminal activities which by modern standards are normally innocent” (p. 163 [31 L.Ed.2d p. 116]). Section 647, subdivision (d), does not so provide. It does not deal with activities which are “normally innocent” but with acts done for a criminal purpose. The courts have so construed “loiter”; it means linger for the purpose of committing a crime. (In re Cregler (1961) 56 Cal.2d 308, 312 [14 Cal.Rptr. 289, 363 P.2d 305]; In re Huddleston (1964) 229 Cal.App.2d 618, 625 [40 Cal.Rptr. 581].) Also, the term “lewd” is not vague. It has been held to afford “ ‘. . . reasonably adequate disclosure of the legislative intent ....’” (People v. Loignon (1958) 160 Cal.App.2d 412, 419 [325 P.2d 541]; People v. Babb (1951) 103 Cal.App.2d 326, 330 [229 P.2d 843]; see also In re Smith (1972) 7 Cal.3d 362, 365 [102 Cal.Rptr. 335, 497 P.2d 807].) The term “lewd” was also tested for unconstitutional vagueness in Silva v. Municipal Court (1974) 40 Cal.App.3d 733, 738 [115 Cal.Rptr. 479] and was there found to be neither vague nor uncertain. The court in Silva, relying on In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535] treated “lewd” as synonymous with “obscene.” Although the Loignon and Silva courts differed in their definition of “lewd” (see People v. Williams (1976) 59 Cal.App.3d 225 [130 Cal.Rptr. 460]), whichever definition is adopted, neither Loignon nor Silva found any unconstitutional infirmity in the word “lewd.” We therefore reject defendant’s argument. As for the “unlawful” act prohibited by section 647, subdivision (d), the word means under the doctrine of ejusdem generis and in the context of this subdivision, a “lewd” act. So construing the aforementioned words (see In re Kay (1970) 1 Cal.3d 930 [83 Cal.Rptr. 686, 464 P.2d 142]), we do not find section 647, subdivision (d), to be unconstitutionally vague.
2. Status
The respondent contends that section 647, subdivision (d), is a “status” crime in that it punishes “mere loitering,” without the requirement of any additional conduct. Mere loitering, however, is not what is punishable under this section but, instead, loitering for a lewd or lascivious purpose.
The court in People v. Solomon (1973) 33 Cal.App.3d 429, 438 [108 Cal.Rptr. 867], found that subdivision (e) of section 647 did not penalize *Supp. 11 a status.[2] As in section 647, subdivision (e), so in section 647, subdivision (d), it is not status which is labeled criminal but conduct, i.e., loitering or lingering for a specific (lewd) purpose. Defendant’s purpose remains to be proved at the time of trial; it cannot be challenged by demurrer.
3. Overbreadth
The respondent finally contends that subdivision (d) of section 647 is constitutionally defective because of its overbreadth and that it therefore violates the California and federal Constitutions. He urges that the subdivision infringes upon First Amendment rights.
The statute does not abridge First Amendment rights inasmuch as, again, the statute is aimed at conduct (loitering or lingering) for the purpose of engaging in or soliciting a lewd, unlawful (lewd) act. The promulgation of ideas by pure speech is a process far removed from the subject matter of subdivision (d), section 647. (See Silva v. Municipal Court (1974) 40 Cal.App.3d 733, 737 [115 Cal.Rptr. 479]; cf. Cox v. Louisiana (1965) 379 U.S. 536, 555 [13 L.Ed.2d 471, 484, 85 S.Ct. 453].) No authority has been found by respondent which declares that respondent has a First Amendment right to solicit a lewd act in a public restroom.
Judgment is reversed.
Cole, J., and Alarcon, J., concurred.

 Penal Code section 647:
“Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:____
“(d) Who loiters in or about any toilet open to the public for the purpose of engaging in or soliciting any lewd or lascivious or any unlawful act.”

 “[W]e are not dealing with the typical vagrancy statute that makes status a crime but with one that makes conduct a crime.” (P. 438.)