*Supp. 15 Opinion
THE COURT.*
The People appeal from a trial court order of dismissal after the sustaining of a demurrer to a charge of violating Penal Code section 647, subdivision (d). That section states that a person “who loiters in or about any toilet open to the public for the purpose of engaging in or soliciting any lewd or lascivious or any unlawful act,” is guilty of disorderly conduct, a misdemeanor. In support of his demurrer, defendant argued that the terms “loiter,” “in or about” and “lewd and lascivious” were vague. Additionally, he claimed that the term “loiter” is constitutionally overbroad. He added that the statute violates the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution and the corresponding amendments in the California Constitution. He avers that the statute provides no guidance as to standards for arrest; that it punishes status as opposed to a course of conduct; and, that it impinges on freedom of thought, speech and association.
“It is well settled that a criminal statute which is so indefinite, vague and uncertain that the definition of the crime or standard of conduct cannot be ascertained therefrom, is unconstitutional and void. However, there is a uniformity of opinion among the authorities that a statute will not be held void for uncertainty if any reasonable and practical construction can be given to its language.
“Nor does the fact that its meaning is difficult to ascertain or susceptible of different interpretations render the statute void. All presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears. Doubts as to its construction will not justify us in disregarding it. In determining whether a penal statute is sufficiently explicit to inform those who are subject to it what is required of them the courts must endeavor, if possible, to view the statute from the standpoint of the reasonable man who might be subject to its terms. It is not required that a statute, to be valid, have that degree of exactness which inheres in a mathematical theorem. It is not necessary that a statute furnish detailed plans and specifications of the acts or conduct prohibited. The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.” (Cita *Supp. 16 tioris omitted.) (Smith v. Peterson (1955) 131 Cal.App.2d 241, 245-246 [280 P.2d 522, 49 A.L.R.2d 1194].) (See also In re Cregler (1961) 56 Cal.2d 308, 311 [14 Cal.Rptr. 289, 363 P.2d 305].) Applying these principles, we deal with defendant’s attack on the constitutional validity of Penal Code section 647, subdivision (d).
It is conceded that the term “lewd and lascivious” must be redefined in accordance with the holding of Pryor v. Municipal Court (1979) 25 Cal.3d 238, 245 [158 Cal.Rptr. 330, 599 P.2d 636]. The rest of defendant’s arguments are without merit.
Pryor v. Municipal Court addressed the constitutional issues raised by the terms “lewd and dissolute” as those terms had been defined in previous case law. The court defined those terms to prohibit the “touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification, annoyance or offense....” (25 Cal. 3d at p. 244.) In Pryor, the court upheld the constitutionality of Penal Code section 647, subdivision (a) which prohibits the solicitation of or engaging in lewd or dissolute conduct in a public place or in any place open to the public or exposed to public view. In contrast, subdivision (d) prohibits loitering in or about toilets open to the public for the purpose of engaging in or soliciting any lewd or lascivious act. Webster’s Third New International Dictionary defines the terms lewd, dissolute and lascivious to be synonymous. It is thus appropriate to apply the Pryor definition in the context of subdivision (d).[1] So construed, Penal Code section 647, subdivision (d) prohibits anyone from loitering “in or about any toilet open to the public for the purpose of engaging in or soliciting ‘the touching of the genitals, buttocks or female breast, for the purposes of sexual arousal, gratification, annoyance or offense.’” The term “or any unlawful act” also included in subdivision (d) does not expand this definition. (People v. Ledenbach (1976) 61 Cal.App.3d Supp. 7 [132 Cal.Rptr. 643].)
People v. Ledenbach, supra, is the only case to have construed Penal Code section 647, subdivision (d). Although it relied on disapproved cases for the definition of lewd, that definition is not so inextricably woven into the opinion as to invalidate the rest of the court’s reasoning. The court held that the term “loiter” is not vague and that it means lingering for a lewd and lascivious purpose. Defendant argues *Supp. 17 that the term is still vague because there is no way to tell how long one has to be in a place in order to be loitering. This claim is answered by In re Cregler, supra, 56 Cal.2d 308, relied upon in Ledenbach. Cregler added a specific intent requirement to the term “loiter” in order to avoid unconstitutionality. (See Pryor v. Municipal Court, supra, 25 Cal.3d at p. 256.) The court was concerned with the former subdivision of Penal Code section 647 which made it a misdemeanor for any person known to be a pickpocket, thief, burglar or confidence operator and having no visible or lawful means of support, to loiter around certain specified public places or assemblies. The court held that loiter as used in the statute “has a sinister or wrongful as well as a reasonable definite implication. As proscribed by the statute the word ‘loiter’ obviously connotes lingering in the designated places for the purpose of committing a crime as opportunity may be discovered.” (56 Cal.2d at p. 312.) The court added, “Manifestly one who goes to a bus station or railroad depot and waits for the purpose of buying a ticket, boarding the conveyance, meeting a relative or friend actually expected to arrive, or with any other legitimate objective, is not loitering within the sense of the statute. Loitering as forbidden includes waiting, but mere waiting for any lawful purpose does not constitute such loitering....” (Ibid.) Loiter as used in the statute is not constitutionally overbroad. (In re Huddleson (1964) 229 Cal.App.2d 618 [40 Cal.Rptr. 581].)
Defendant argues that the term “in or about” is unconstitutionally vague. He admits that the term “in” is sufficiently clear. Free speech not being involved in the act of loitering,[2] defendant must show that the term “in or about” is vague as applied to him. (Bowland v. Municipal Court (1976) 18 Cal.3d 479, 492-493 [134 Cal.Rptr. 630, 556 P.2d 1081].) We cannot tell from the record presented to us on this review of a demurrer ruling, the actual circumstances or place of defendant’s alleged activities. If his activities were in a public toilet, he cannot be heard to complain that the statute is vague as applied to him.
Defendant’s claim that once the Pryor limiting construction is applied to subdivision (d), the statute will be mere surplusage to subdivision (a), is not well taken. Subdivision (d) proscribes loitering for the purpose of committing a lewd act. Its elements can be established by both direct and circumstantial evidence, without a showing that subdivi *Supp. 18 sion (a) has been violated. The subdivision is not a kind of “mind control.” Rather, it is designed to prevent loitering for a lewd purpose. Finally, it does not punish status as opposed to an actual offense. (People v. Leddenbach, supra, 61 Cal.App.3d Supp. 7.)
The orders dismissing the complaint as to count II and sustaining the demurrer as to that count are reversed.
A petition for a rehearing was denied November 10, 1980.

Before Ibáñez, P. J., Bigelow, J., and Fainer, J.

People v. Hill (1980) 103 Cal.App.3d 525 [163 Cal.Rptr. 99] used the Pryor definition of lewd and dissolute as those words were considered with reference to prostitution in the pimping and pandering statutes; (Pen. Code, §§ 266h and 266i.)

Pryor v. Municipal Court, supra, holds that “[a] statute which by judicial construction prohibits only the solicitation of criminal acts does not abridge freedom of speech.” (25 Cal.3d at p. 254.)